# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE SANCHEZ, | Case No. 1:16-cv-01081-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| NANCY A. BERRYHILL, | (Doc. 23) |
| Acting Commissioner of Social Security[1], | |
| Defendant. | |

On November 6, 2017, after entry of the parties' stipulated Order for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and entry of judgment for Plaintiff, Plaintiff filed a motion for an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA") in the amount of $4,616.23. (*See* Doc. 23 at 1 (seeking an award of $4,609.89 in total fees (23.55 hours in attorney time) and $6.34 in costs).) On November 7, 2017, the Court ordered Defendant's opposition, if any, to be filed by no later than December 6, 2017. (Doc. 24.) No opposition has been filed (*See* Docket); therefore, the motion is deemed unopposed. For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED.

## I. BACKGROUND

Plaintiff filed this action on July 26, 2016, seeking judicial review of a final administrative

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on February 27, 2017). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

decision denying her application for Social Security disability benefits. (Doc. 1.) On August 8, 2017, the parties filed a Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and For Entry of Judgment for Plaintiff (the "Stipulation for Remand"), which provided that "[o]n remand, the Appeals Council will remand the case to an administrative law judge (ALJ) for a new hearing and de novo decision," and specifically that the Appeals Council will direct the ALJ to "1) re-evaluate the opinion evidence pursuant to 20 C.F.R. § 404.1527; 2) reevaluate Plaintiff's mental impairments pursuant to 20 C.F.R. § 404.1520a; 3) reassess Plaintiff's residual functional capacity pursuant to 20 C.F.R. § 404.1545; and obtain supplemental vocational expert evidence." (Doc. 20.) On August 9, 2017, the Court entered an Order remanding the action to the Commissioner of Social Security "for further administrative proceedings consistent with the terms of the Stipulation for Remand" (the "Order of Remand"). (Doc. 21.)

On November 6, 2017, Plaintiff filed a motion for EAJA fees and expenses, seeking a total award of $4,616.23. (Doc. 23 (seeking fees in the amount of $4,609.89, comprised of 23.55 hours in attorney time, as well as $6.34 in costs).) No opposition was filed. It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

## II.    LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

2

1  resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C.

2  §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

3  A party who obtains a remand in a Social Security case is a prevailing party for purposes

4  of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has

5  ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

6  four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant

7  for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her

8  benefits is reversed and remanded regardless of whether disability benefits ultimately are

9  awarded." *Gutierrez*, 274 F.3d at 1257.

10  ### III.  ANALYSIS

11  There is no dispute Plaintiff is the prevailing party in this litigation.  The Court finds

12  Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million

13  dollars when this action was filed.  The Court further finds, in view of the Commissioner's assent

14  to the Order of Remand, that the position of the government was not substantially justified.  *See*

15  *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014)

16  (finding no substantial justification where the parties stipulated to a remand of the action to the

17  Commissioner for a new hearing) (citing *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)

18  (position of the government "includes both the government's litigation position and the underlying

19  agency action giving rise to the civil action.")); *Armstrong v. Astrue*, No. CIV S-07-1456 DAD,

20  2008 WL 2705023, at *2 (E.D. Cal. July 9, 2008).

21  Plaintiff seeks a total award of $4,616.23, comprised of 23.55 hours in attorney time and

22  $6.34 in costs.  (Doc. 23 at 1.)  The Commissioner has not opposed this request.  (*See* Docket.)

23  The EAJA provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  By

24  statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts

25  are permitted to adjust the rate to compensate for increases in the cost of living.[2]  28 U.S.C. §

26

27  ---

[2] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to

28  incorporate increases in the cost of living.  The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.  Plaintiff requests an hourly rate of $192.68 for

1  2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at

2  987.  Determining a reasonable fee "requires more inquiry by a district court than finding the

3  'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v.*

4  *Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must consider "the relationship between

5  the amount of the fee awarded and the results obtained." *Id*. at 989.

6       Here, Plaintiff's attorney obtained an order remanding the action for further administrative

7  action, which is a good outcome for Plaintiff.  (Docs. 20 & 21.)  There is no indication that a

8  reduction of the award is warranted due to any substandard performance by Plaintiff's counsel, as

9  counsel secured a successful result for Plaintiff.  There is also no evidence that Plaintiff's counsel

10 engaged in any dilatory conduct resulting in delay.

11      The claimed total of 23.55 attorney hours represents a reasonable amount of time for an

12 attorney to expend on this particular matter, *see, e.g., Vallejo v. Astrue*, No. 2:09-cv-3088 KJN,

13 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis"

14 of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified),

15 and are well within the limit of what would be considered a reasonable amount of time spent on

16 this action when compared to the time devoted to similar tasks by counsel in like Social Security

17 appeals before this court, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir.

18 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often

19 requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212,

20 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No.

21 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be

22 reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct.

23 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-

24 03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be

25 reasonable).

26 //

27

28 attorney work performed in 2016 and an hourly rate of $195.95 for attorney work performed in 2017.  These rates are
   consistent with the statutory maximum rates as set forth by the Ninth Circuit.

4

1    Plaintiff will be awarded EAJA fees for 23.55 total attorney hours for time spent on the

2  litigation and costs in the amount of $6.34, for a total EAJA award in the amount of $4,616.23.

3                                    **IV.  CONCLUSION**

4        For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for

5  EAJA fees and expenses is GRANTED in the amount of $4,616.23.

6
   IT IS SO ORDERED.
7

8  Dated:  __**January 23, 2018**__                    /s/ *Sheila K. Oberto*
9                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28